# In the United States Court of Federal Claims

No. 22-1012

Filed: August 24, 2022

|  |
|---|
| SIAVOSH HENAREH,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　　*Defendant*. |

### ORDER OF DISMISSAL

  Plaintiff Siavosh Henareh, proceeding pro se, brings this action seeking relief related to his arrest and incarceration. (Compl. at 2, ECF No. 1). Mr. Henareh is an Iranian national who, in 2010 and 2011, brokered a 190-kilogram heroin transaction intended to finance the purchase of weapons for Hezbollah, a terrorist organization. *United States v. Henareh*, Case No. 11-CR-93-1, ECF No. 153 (S.D.N.Y. Jan. 13, 2021). Following a jury trial, the U.S. District Court for the Southern District of New York convicted Mr. Henareh of conspiracy to distribute heroin and sentenced him to 210 months in prison. *Henareh v. United States*, Case No. 14-CV-7145, ECF No. 38 (S.D.N.Y. June 8, 2018). Mr. Henareh appealed that conviction but did not prevail. He also unsuccessfully pursued relief via habeas corpus proceedings. *Id.*[1]

  Mr. Henareh's Complaint alleges that the United States violated his substantive and procedural due process rights under the Fourteenth Amendment to the Constitution and unlawfully placed him into custody. (Compl. at 2). Mr. Henareh "requests this court to make a finding of fact and law to establish whether the government even had probable cause to arrest him, subject matter jurisdiction over him," whether his indictment was "facially fair" under the Constitution, and whether withholding certain documents violated his due process rights. (*Id.*). Mr. Henareh also raises a claim under 28 U.S.C. § 1495, contending that he was unjustly convicted. Mr. Henareh demands $6,001 in damages. (*Id.* at 3). Lastly, Mr. Henareh requests leave to pursue his claims *in forma pauperis*. (Mot. for IFP, ECF No. 2).

  The Court finds Mr. Henareh has substantially satisfied the requirements of 28 U.S.C. § 1915, and his Motion for Leave to Proceed In Forma Pauperis is **GRANTED**. However, as a

---

[1] A search of PACER reveals Mr. Henareh has also pursued relief in several fora. *See, e.g.*, Case Nos. 17-630 (S.D.N.Y); 22-539 (M.D. Pa.); 22-1153 (M.D. Pa.).

prisoner pursuing civil action, Mr. Henareh is still required to pay the $350.00 filing fee but may do so through periodic payments from his inmate trust account. § 1915(b)(1).[2]

As explained below, the Court lacks subject-matter jurisdiction over most of the claims Mr. Henareh raises in his Complaint. Mr. Henareh also raises an unjust conviction claim, but he has failed to allege the facts necessary to advance that claim. The Court must dismiss Mr. Henareh's constitutional claims pursuant to RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court exercises its discretion to dismiss Mr. Henareh's unjust conviction claim pursuant to RCFC 12(b)(6), as he cannot allege the facts that would plausibly entitle him to relief on that claim.

The Tucker Act, the primary statute setting the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. 28 U.S.C. § 1491(a)(1). The United States Court of Federal Claims only possesses jurisdiction over alleged violations that mandate payment of money damages by the Federal Government.

Whether a court has jurisdiction is a threshold matter in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, the Court's leniency does not extend to jurisdictional issues. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Broadly speaking, Mr. Henareh challenges elements of his indictment and arrest, disposition of his pre-trial proceedings, his conviction, the lawfulness of his continued incarceration, and the disposition of his various ongoing habeas corpus proceedings. (Compl. at 5–7). By Mr. Henarah's own admission, those matters were either adjudicated by, or remain pending before, other federal courts. This Court lacks jurisdiction to review decisions rendered by U.S. District Courts, federal courts of appeal, and the Supreme Court. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). More acutely, the Court lacks jurisdiction to review criminal decisions. *Lawton v. United States*, 621 F. App'x 671, 3 (Fed. Cir. 2015). That includes actions that challenge the sufficiency of probable cause determinations. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [] such a violation."). The Court also lacks jurisdiction over Mr. Henareh's claims premised on the Due Process and Equal Protection clauses of the Fourteenth Amendment because those constitutional provisions are not money-mandating. *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019) ("[T]he Due Process and Equal Protection Clauses of the Fourteenth Amendment are not sources of substantive law that create the right to money

---

[2] As a prisoner, Mr. Henareh's *in forma pauperis* status relieves him of the $52 administrative fee.

damages, i.e., are not money-mandating."). Mr. Henareh's claims seeking relief for alleged constitutional violations must be dismissed for lack of subject-matter jurisdiction.

Mr. Henareh also brings a claim seeking damages for unjust conviction under 28 U.S.C. § 1495. (Compl. at 1). However, Mr. Henareh's Complaint fails to state a claim upon which relief could be granted under that provision. 28 U.S.C. § 1495 endows this Court with jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." Even so, a plaintiff claiming a right to relief under Section 1495 must satisfy the requirements of 28 U.S.C. § 2513:

> **(a)** Any person suing under section 1495 of this title must allege and prove that:
>
> **(1)** His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> **(2)** He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

Mr. Henareh has not alleged the required elements of an unjust conviction claim. Mr. Henareh alleges that he is still incarcerated in a Federal prison. (Compl. at 1 (alleging that he is "currently being held unlawfully and unconstitutionally within a Federal Bureau of Prisons facility.")). Current incarceration tends to undermine any basis for an unjust conviction claim under Section 1495. *See Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010) ("Indeed, given that [the plaintiff] is currently incarcerated in a federal prison, it seems likely that his conviction has not been reversed or set aside."). More importantly, nowhere in his Complaint does Mr. Henareh allege that his conviction has been reversed or set aside. On the contrary, Mr. Henareh asks this Court to make that determination and reverse his conviction—a request the Court is without jurisdiction to entertain. (*e.g.*, Compl. at 2, ¶ 6 (requesting this Court to make various findings of fact and law regarding the lawfulness of his arrest and conviction), ¶ 8 (requesting the Court "look at the specific acts challenged, not the judicial proceedings preceding them."), ¶ 10 (requesting declaratory relief that secures his release and terminates his sentence, conviction, and probation)). Consequently, Mr. Henareh has failed to allege the requirements of 28 U.S.C. § 2513(a)(1) in support of his unjust conviction claim.[3]

---

[3] Mr. Henareh cites *Bolduc v. United States*, 72 Fed. Cl. 187 (2006) in arguing that he need not furnish a certificate of innocence to bring a claim. (Compl. at 3, ¶ 16). While Mr. Henareh is

Additionally, Mr. Henareh's Complaint fails to allege that either he "did not commit any of the acts charged or [that] his acts, deeds, or omissions in connection with such charge constituted no offense," and thus fails to satisfy the requirements of § 2513(a)(2). In fact, other than his bald assertion that he is "actually innocent[,]" all of Mr. Henareh's allegations supporting invalidation of his conviction are procedural in nature. (Compl. at 2, ¶¶ 5–6 (alleging violations of due process rights and insufficient probable cause for his arrest, the district court's subject-matter jurisdiction, and the sufficiency of the indictment)); *see also United States v. Henareh*, Case No. 11-CR-93-1, ECF No. 146-2 at 33 (Sent. Tr., S.D.N.Y. Jan. 13, 2021) (the district court observed that Henareh's presentation at sentencing was "filled with rationalizations and excuses and evasions for what the evidence proved overwhelmingly was his involvement in a huge narcotics scheme whose purpose, moreover, was to provide support for terrorist activities."). Therefore, Mr. Henareh has failed to allege the requirements of Section 2513(a)(2).

In seeking to have this Court reverse his conviction, Mr. Henareh apparently concedes that his conviction remains intact. This Court is without jurisdiction to grant relief from criminal convictions or otherwise review the decisions of other federal courts. Because Mr. Henareh has not alleged a reversal or pardon from his conviction and has not otherwise pleaded his innocence of the acts charged, Mr. Henareh's Complaint fails to allege the requirements of 28 U.S.C. § 2513(a) and therefore fails to state a claim upon which relief could be granted. Accordingly, the Court exercises its discretion to dismiss the Section 1495 claim *sua sponte* pursuant to RCFC 12(b)(6). *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) ("The trial court may dismiss *sua sponte* under Rule 12(b)(6), provided that the pleadings sufficiently evince a basis for that action.").

In summary, the Court orders the following:

(1) Mr. Henareh's Motion for Leave to Proceed In Forma Pauperis, (ECF No. 2), is **GRANTED**.

(2) Mr. Henareh's constitutional rights claims are **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1).

(3) Mr. Henareh's claim seeking compensation for unjust conviction pursuant to 28 U.S.C. § 1495 fails to allege the elements required by 28 U.S.C. § 2513(a) and is **DISMISSED** under RCFC 12(b)(6).

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

correct as to his burden of proof at this stage, he fails to appreciate that in order to state a claim, he must allege that his conviction has been reversed, set aside, or pardoned. He has not and could not do so given his conviction remains intact and Mr. Henareh remains incarcerated.